**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MANOJ KUMAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2186-R** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Manoj Kumar, a noncitizen[1] and Indian national, filed through counsel an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Doc. 8, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule. Doc. 10. Respondents filed a Motion to Dismiss, Doc. 12, and Petitioner responded, Doc. 13. For the reasons below, the undersigned recommends that the Court grant the Motion to Dismiss and dismiss the Amended Petition.

## I. Background

Petitioner, a citizen of India, entered the United States in 2023. Am. Pet. at 10. On March 9, 2023, ICE initiated removal proceedings against him through issuance of a Notice

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

to Appear. *Id*. Petitioner was later released from ICE custody. On or about September 23, 2025, ICE re-detained Petitioner while he was working as a truck driver and driving through Oklahoma. *Id*. On January 7, 2026, an Immigration Judge ("IJ") denied Petitioner's bond request based on lack of jurisdiction and flight risk. Doc. 13 at 3.

Petitioner has filed two previous petitions for habeas relief in separate cases before this Court. First, on January 30, 2026, he filed a petition in *Kumar v. De Anda-Yabarra*, No. CIV-26-164-R (W.D. Okla. Jan. 30, 2026) ("First Habeas Petition"). Petitioner argued in his first petition that he was "unlawfully detained" under 8 U.S.C. § 1225(b)(2)(A) and "his re-detention without an individualized determination as to whether he is a flight or safety risk violates his due process rights." *Kumar v. De Anda-Yabarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) ("*Kumar I*"). On March 17, 2026, this Court granted the First Habeas Petition in part and found 8 U.S.C. § 1226(a) governed Petitioner's detention but declined to order another bond hearing. *Id*. at *2.

On May 20, 2026, Petitioner filed a second petition in *Kumar v. Mullin*, No. CIV-26-1158-R (W.D. Okla. May 20, 2026) ("Second Habeas Petition"). Respondents filed a motion to dismiss based on abuse of the writ, claiming Petitioner alleged in his Second Habeas Petition—as he had with his initial petition—that ICE violated his due process rights. *Kumar v. Mullin*, No. CIV-26-1158-R, 2026 WL 2533143, at *2 (W.D. Okla. Aug. 27, 2026) (R&R), *adopted*, 2026 WL 2694135 (W.D. Okla. Sep. 14, 2026) ("*Kumar II*"). In response to the motion to dismiss, Petitioner raised a new claim that ICE arrested him without a warrant in violation of the Immigration and Nationality Act, due process, and the Fourth Amendment. *Id*. This Court granted the motion to dismiss and dismissed the

Second Habeas Petition for abuse of the writ, adopting the Magistrate Judge's report finding those claims were or could have been raised in the First Habeas Petition. *Kumar II,* 2026 WL 2694135, at *1.

On August 20, 2026, Petitioner filed his Amended Petition in this case—his third habeas case before the Court this year. Petitioner again alleges a warrantless arrest. Am. Pet. at 15-19. Respondents filed a Motion to Dismiss, Doc. 12, and seek dismissal of the Amended Petition based on abuse of the writ. Petitioner responded. Doc. 13.

On July 15, 2026, an IJ ordered Petitioner removed. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 12, 2026). On July 29, 2026, he appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. *Id*. Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Amended Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Am. Pet. at 6. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 12, 2026).

## II. <u>Petitioner's Claim and Respondents' Motion to Dismiss</u>

Petitioner raises a single claim in his Amended Petition. He alleges the statute governing his ICE detention, 8 U.S.C. § 1226(a), "authorizes arrest and detention only on a warrant; that the only warrantless alternative, [8 U.S.C.] § 1357(a)(2), required a pre-arrest determination that Petitioner was likely to escape before a warrant could be obtained;

that Respondents satisfied neither; and that no later event supplied the missing authority." Doc. 13 at 5 (describing Petitioner's "single, narrow theory" in the Amended Petion).

In the Motion to Dismiss, Respondents argue the Amended Petition "should be dismissed as an abuse of the writ" because this Court has made "a previous finding that Petitioner could have raised his warrantless arrest claims in his first habeas petition." Doc. 12 at 3. Respondents also allege "law of the case doctrine compels dismissal." *Id.*

Petitioner responds that the Court has never adjudicated his claim of a warrantless arrest on the merits, and "the legal predicate for this claim did not exist until" the Court ruled on the First Habeas Petition. Doc. 13 at 7. He argues that only after that ruling did § 1226(a) "become the governing law" of his custody, and when the Court ruled on the initial petition, "no decision of this District had ordered release for a warrantless § 1226(a) arrest." Doc. 13 at 8. Petitioner also claims "prejudice is manifest" and "the ends of justice require that the merits be reached" "even absent cause" because this Court has not "examined whether Respondents had authority to seize Petitioner" but has ruled "a procedural forfeiture should yield to the merits of this particular claim." *Id.* at 9-10 (citation modified).

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anda-Ybarra*, No. 26-CV-00808, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the first § 2241 case is still pending, the later filed petition may be dismissed as duplicative and without prejudice" and "[t]he petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.; see also Lazare*, 2026 WL 2071154, at *1 (collecting cases dismissing duplicate § 2241 immigration petitions). "On the other hand, if 'the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ.'" *Salib*, 2026 WL 2393174, at *1 (quoting *Fotabong v. FNU LNU*, No. 26-CV-02087, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026))

## IV. Analysis

### A. The abuse-of-the-writ doctrine bars Petitioner's claim of a warrantless arrest because it could have been raised in his First Habeas Petition.

The principle called "abuse of the writ" developed in case law and is akin to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ doctrine).[2] The abuse-of-the-writ doctrine allows a

[2] The general bar on second-or-successive habeas petitions does not apply to immigration detainees like Petitioner. Judges in this District have concluded 28 U.S.C. § 2244(a) "does not bar [an immigration habeas] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United

court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not," *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). *See also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (noting "generally the abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (citation modified). While "the government bears the burden of pleading abuse of the writ," once it does so, "the burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citation modified). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-95.

In the Amended Petition, Petitioner alleges ICE did not have a warrant under § 1226(a) or otherwise satisfy the warrantless alternative under § 1357(a)(2) to arrest him on September 23, 2025. Am. Pet. at 15-19; Doc. 13 at 5. He raises the same basic claim he raised earlier in his Second Habeas Petition. This Court dismissed his Second Habeas Petition as an abuse of the writ because Petitioner "offered no explanation for why he did not or could not raise such warrantless arrest claims in the First Habeas Proceeding considering those facts existed at the time Petitioner's First Habeas Proceeding was filed." *Kumar II*, 2026 WL 2533143, at *3 (R&R), *adopted*, 2026 WL 2694135.

Petitioner's claim of a warrantless arrest in the Amended Petition "could have been presented in an earlier petition but was not." *Stanko*, 617 F.3d at 1269. As in *Kumar II*,

---

States', and [an immigration habeas] petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Order, Doc. 11 at 3 n.3 (W.D. Okla. June 17, 2026) (quoting *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)).

he fails here to "establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id.* at 1271 (citing *McCleskey*, 499 U.S. at 489). Petitioner cannot dispute the facts underlying his claim of a warrantless arrest were available when he filed his First Habeas Petition. Instead, he claims the legal predicate did not exist until *Kumar I*, and the ends of justice now require this Court to reach the merits of this claim with his third petition. Doc. 13 at 7-11. The undersigned is not persuaded.

First, Petitioner was not precluded in any way from raising a claim of warrantless arrest in early 2026 with his First Habeas Petition. *See Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) ("Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings.") (quoting *McClesky*, 499 U.S. at 493-94). Indeed, when Petitioner filed his First Habeas Petition (through another counsel) on January 30, 2026, Petitioner's current counsel had already filed a habeas petition in an unrelated case in this District raising a claim of warrantless arrest and seeking immediate release. *See, e.g.*, *Singh v. Bondi*, No. CIV-26-43-J, Petition, Doc. 1, at 18, 21, 24-25 (W.D. Okla. Jan. 11, 2026).

Second, Petitioner has not shown manifest prejudice or established the ends of justice require the Court to address his claim of warrantless arrest in his third petition. As Petitioner acknowledges, this Court has determined the appropriate habeas remedy for a noncitizen establishing warrantless arrest is a bond hearing—not immediate release. *See*

*Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026) (concluding a petitioner's "warrantless arrest does not merit his immediate release" where a warrant and Notice to Appear had been issued and the petitioner already had two bond hearings). Here, Petitioner has similarly received a Notice to Appear and had a bond hearing. *See also Bello v. Mullin*, No. CIV-26-1542-R, 2026 WL 2667459, at *1 (W.D. Okla. Sep. 10, 2026) (overruling a petitioner's objection that "ICE failed to issue an arrest warrant before he was re-detained" and concluding "a habeas petitioner's 'warrantless arrest does not merit his immediate release'") (quoting *Perdigon*, 2026 WL 2428826, at *2); *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sep. 21, 2026) (concluding "the relief warranted" for a warrantless arrest "is a bond hearing pursuant to § 1226"); *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) (granting a bond hearing under § 1226(a) and "reserv[ing] a ruling on Petitioner's remaining claims" that included a warrantless-arrest challenge). *But see Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release subject to an order of supervision for a noncitizen detained under § 1226(a) where his "arrest was warrantless")

In sum, there is no reason here why the Court should rule differently than it did just a few weeks ago in *Kumar II*. Accordingly, for the same reasons described in *Kumar II*, the Court should grant the Motion to Dismiss and dismiss the Amended Petition for abuse of the writ because Petitioner could have raised his warrantless-arrest claim in his First

Habeas Petition. *See Kumar II*, 2026 WL 2694135 at *1 (adopting 2026 WL 2533143, at *2-4 (R&R)).[3]

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT** Respondents' Motion to Dismiss, Doc. 12, and **DISMISS** the Amended Petition for habeas relief, Doc. 8. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 30, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 7, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 12th day of November, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

[3] Based on the undersigned's recommendation to dismiss the Amended Petition for abuse of the writ, the Court need not consider Respondents' separate argument that "law of the case doctrine compels dismissal," Doc. 12 at 3.